**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KIRKLAND SCOTT,

                Plaintiff,

                                    CASE NO. 2:15-CV-13014
v.                                  HONORABLE DENISE PAGE HOOD
                                  UNITED STATES DISTRICT JUDGE

GEORGIA DEPARTMENT OF
CORRECTIONS,

                Defendant,

_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE MIDDLE DISTRICT OF GEORGIA

      Kirkland Scott, ("plaintiff"), presently confined at the Baldwin State Prison in Hardwick, Georgia, has filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983.  In his complaint, plaintiff claims that he was wrongly extradited back to the State of Georgia by the defendant, where he is currently serving a prison sentence.  For the reasons stated below, the Court will transfer this matter to the Middle District of Georgia for further proceedings.

### I.  DISCUSSION

      Plaintiff is incarcerated at the Baldwin State Prison in Hardwick, Georgia, which is located in the Middle District of Georgia.  Plaintiff remains incarcerated at this facility and claims that he is being incarcerated in violation of his constitutional rights.  The sole named defendant, the Georgia Department of

Corrections, is located in Forsyth, Georgia, which is also in the Middle District of Georgia.

When federal jurisdiction is not based solely upon diversity of citizenship, venue is proper in (1) the judicial district where any defendant resides, if all of the defendants reside in the same state, (2) the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or (3) the judicial district where any defendant may be found, if there is no other district in which the action may be brought. *See Bunting ex rel. Gray v. Gray,* 2 Fed. Appx. 443, 448 (6th Cir. 2001)(citing 28 U.S.C. § 1391(b)).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a).  Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight

2

accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Middle District of Georgia. Plaintiff is currently incarcerated in the Middle District of Georgia and defendant resides in this district. The Middle District of Georgia is the most convenient forum to litigate plaintiff's wrongful extradition claim and any other claims pertaining to his allegedly wrongful imprisonment because all or most of the material events took place there, the records and witnesses pertinent to plaintiff's claims are likely to be found and, most importantly, that forum is equally convenient for plaintiff and respondent. *See Bass v. Kelly*, 504 F. Supp. 776, 782 (E.D. Mich. 1980).

## II.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1404(a).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager